Hitchcock, C. J.
The facts of this case, as disclosed by the bill of exceptions, so far as the same are necessary to be stated, are simply these: McAllister, who was part owner and master of the canal-boat “ M. B. Ross,” subsequently called the “ Kentucky,” borrowed of McGuire $100 for the purpose of paying tolls for the boat, and £o appropriated the money. The probability is, that the note in evidence on the trial was given for this money, but of this there is no certain proof. But admitting such to be the case, the question arises whether the plaintiff had a legal right to maintain the action and recover a judgment.
The solution of this question depends upon the construction of the act of February 26, 1840, “ providing for the collection of claims against steamboats and other water-crafts, and authorizing proceedings against them by name” (Swan’s Stat. 209), under which this action is brought. The first section provides, that “steamboats and other water-crafts, navigating the waters within, or bordering upon, this state, shall be liable for debts contracted on account thereof, by the master, owner, steward, consignee, or other agent, for materials, supplies, or labor, in the building, repairing, furnishing, or equipping the same, or due for wharfage; and also for damages,” etc. And in such cases, by another section, the person having the demand may proceed against the owner or master, or the craft by name. We have always been willing to give this statute a liberal construction, for the purpose of carrying into efloct the "'-intention of the law-making power in its enactment; but we can not, by construction, extend it to cases not within its purview. There may possibly be other cases where there would be as strong reasons for the application of the extraordinary remedy here allowed, but that is a matter for the consideration of the general assembly, not of this court.
The ai’gument urged to sustain the claim in this case, is, that tolls must be paid upon boats navigating the canal, and that without the payment of such tolls no boat can have a clearance. This is true; still, nothing is said in the act of 1842, under which this suit is brought, about tolls. It does provide that for wharfage, jiroccedings may be had against the craft by name. Tolls are not within this act.
*59 “ For materials, supplies, or labor, in the building, repairing, or equipping” the craft, an action may be had against her by name, if furnished on her credit. The cause of action in the case now before us is not embraced in this clause of the act. The action is not brought for materials, supplies, or labor. It is brought for money loaned to pay for tolls.
But suppose this money had been loaned to pay “ for materials, supplies, or labor, in the building, repairing, furnishing, or equipping,” would the plaintiff have a right of action against the boat by name? We think not. There is nothing in the act to meet such a case. A promissory note might be given, the consideration of which was “materials, supplies, or labor,” and upon the exhibition of the note, with proof of the consideration, a plaintiff might perhaps recover, under this statute. But there is nothing in the act which gives any such right of action to the lender of money, although that money may have been applied in the purchase of, or in the payment for, materials, supplies, or labor. And to hold that such lender might have an action against the craft by name? would be to subrogate him to the rights of the material-man, the furnisher of supplies, or the laborer. Courts of law do not possess this power of subrogation.
It is said, however, that cases have been decided upon the ^circuit, by this court, in which it has been holden that such lender of money might maintain an action under the statute. Tery possibly this may be true; and, as a matter of fact, we know that it has been differently decided upon the circuit. It was in consequence of this contrariety of decision that this case was brought to this court, and we are unanimous in the opinion that this plaintiff had no right of action against the boat “ Kentucky,” by name.
The judgment of the court of common pleas is affirmed with costs.