Spiields, J.
This is an action brought in the court below by Ellen W. Canine, plaintiff below, to recover $50,000 damages of Robert R. Jacob, defendant below, for an alleged breach of promise of a contract of marriage.
The petition of the plaintiff is in the usual form and the answer of the defendant is a general denial. The trial resulted in a verdict and judgment in favor of the plaintiff in the sum of $10,500, and a petition in error is filed in this court to review the proceedings of said trial and to reverse said judgment.
Numerous .grounds of error are alleged in said petition in error for said reversal, and while we will consider such grounds of error as were specially urged in oral argument upon this court in behalf of the plaintiff in error, it will be apparent that for want of time and space for an opinion several of the allegations of error therein can only be generally referred to.
First, as to the specification of error under subdivisions Nos. 1 and 2, relating to the admission and rejection of evidence during the trial. Under this head we are not cited to any specific instances in the record where the rulings of the court below are claimed to have affected the interests of the *270 plaintiff in error prejudicially in either of the respects mentioned, hence we were obliged to rely upon a reading of the record to determine whether or not there is any good and sufficient ground for the contention made. In a volume covering several hundred pages of testimony, it is not unnatural to find more or less technical error, and we find this record not to be an exception to the rule; and we further find that in some instances the court below admitted and rejected testimony, in which the action of the court was erroneous, but not prejudicially erroneous, and we therefore hold that such rulings of said court afford no ground of error for which the judgment below should be set aside.
As to the specification of error under subdivisions Nos. 3 and 4, in respect to the court below overruling the motion of the defendant below, submitted at the close of the case of the plaintiff below, and again renewed at the close of all the evidence in the case, an examination of the entire evidence in the bill of exceptions is found not to be necessary to satisfy the court that under the well-recognized rule of law in this state making it the duty of the trial court to submit to the jury for determination all disputed questions of fact arising out of the trial of a case, under proper instructions, the trial court in this instance did not commit error in overruling said motion. • In thus holding we recognize the faith of the agreement made between the parties hereto, as the same appears on page 384 of the record, whereby the question of a common-law marriage was to be eliminated from the case, and which was so eliminated by an express *271 instruction of the trial court :o the jury as the same appears on page 385 of the record, and which is as follows:
“The question of a common law marriage you will not consider in any way, shape or form, as that has been taken out of 'the case by agreement of counsel for both plaintiff and defendant.”
Hence our examination of the record evidence was not made without a due observance of the limitations of this agreement, and the same will be observed in the further consideration of the case.
As to the specification of error under subdivision No. 5, it is urged that the court below erred in its charge'to the jury. Among other things, on page 391 of the record, said court instructed the, jury as follows:
“The consideration of a contract in law is mutuality of promise, whereas a consideration in marriage is the affection between the parties; but we must say that every civil contract is founded upon a consideration, and so we say in law that the consideration for a contract of marriage is a mutual promise made by each of the parties. In testing this kind of a contract as we do ordinary- civil contracts it is essential to constitute a contract to marry that there must-be a meeting of the minds of the contracting parties, that is, there must be an offer on the one side and an acceptance on the other. Also contracts__ of marriage may be inferredjrgmj3ie-.a.cfs and the declarations and from tKeTonduct of the parties. That is, if the acts and declarations and conduct of the .parties are such as would lead reasonably prudent men to believe *272 and infer that the parties intend that they should become man and wife then the jury would be justified in concluding under all the circumstances that a contract of marriage had been entered into between the parties.”
It is the two latter clauses of said paragraph that are objected to as being erroneous, commencing with “Also contracts of marriage may be,” etc.-, and running to the end of the paragraph. Referring to said instruction, counsel, in behalf of plaintiff in error, say:
“In the instruction given, the trial judge distinctly told the jury that if it is found from the evidence that the intention to marry resided in the minds of the parties the jury would be justified in finding that a contract of marriage had in fact been entered into.”
It is said that the language used in a charge to a jury is sometimes capable of more than one construction, but we do not think it too much to say that a fair and reasonable construction of the language used in the foregoing paragraph admits of but one meaning, and one in harmony with the other parts of said charge on the same subject. Counsel for plaintiff in error contend that a construction and meaning of said charge is as above stated by them. We do not so construe it, and applying the rule of construction mentioned, we think it means that marriage contracts, may also be inferred from the acts, declarations and conduct of the parties and not from the evidence that the intention to marry resided in their minds. As laid down in 4 Ruling Case Law, 169:
*273 “The promise may be inferred from the circumstances which usually attend an engagement. And so it has been held that a promise may be inferred from proof of intimate and frequent association at the time of and prior to the engagement; of the voluntary admissions and declarations of the defendant, including his admissions made by letter and declarations and admissions of the plaintiff made in the defendant’s presence, hnd preceding the alleged breach; or of acts or conduct of the plaintiff in the presence of the defendant, her declarations or statements made in his presence; and, in certain cases, the acts and declarations of the plaintiff, without the presence of the defendant, such as her preparations for the marriage, and communications by her to her own family of the fact of her engagement to marry.”
This view is sustained by many decisions in this state and elsewhere. In thus instructing the jury we do not think 'the trial court erred to the prejudice of the plaintiff in error.
It is also contended that the court below erred in charging the jury upon the subject of punitive damages. Counsel for plaintiff in error say that plaintiff’s petition contained no allegation for such damages; that no intimation was given by counsel for the plaintiff during the entire trial that such damages would be claimed, or were claimed; that no request was made by the defendant in error for any charge upon said subject, but that the trial court charged the jury on said subject, as the same appears on page 397 of the record:
“If the defendant’s conduct in the matter of promise and the breaking of it, if you find it was *274 ruthless and wanton toward plaintiff, you may if youthink it properunder all the circumstances of the case, in addition to compensatory damages award exemplary damages in such sum as you may think proper under the circumstances.”
We do not understand that said charge in form is objected to or that the same is not proper, if the question of punitive damages was in the case, but counsel for plaintiff in error contend that such damages have no place or right to be considered in said case and therefore the court below erred in so instructing the jury. And in this connection, also, the right of the trial court, sua sponte, to consider an amendment to be made to the plaintiff’s petition after verdict, is challenged.
Strictly speaking the basis of recovery for damages in a civil action is the cause of action set up in the plaintiff’s petition, but the evidence in the trial of such case may lead to such developments, apparently outside of the strict letter of the petition, as to require the court to instruct the jury as to the legal effect of such evidence. For instance, in an action for damages for assault and battery, it is held in the case of Roberts v. Mason, 10 Ohio St., 277, that where an action “involves the ingredients of fraud, malice, or insult, a jury may go beyond the rule of mere compensation to the party aggrieved, and award exemplary or punitive damages.” That case was for damages for assault and battery only, but it appears that the scope of the evidence was such as to show the existence of malice and insult, and the jury were instructed that if the circumstances as shown in the evidence warranted it, they might award exemplary or *275 punitive damages in addition to compensatory damages. No special averment of exemplary or punitive damages in the petition was made in that case, but the 'elements of malice and insult appear to have been developed in the proof during the progress of the trial. So in the case before us, if the petition charged and the evidence disclosed wantonness or malice or other grounds of aggravation in the relations of the plaintiff in error toward the defendant in error, the damages would not be confined to the actual pecuniary loss suffered by the defendant in error, but the jury would be authorized to allow exemplary or punitive damages in addition to compensatory damages, and in a proper case, where the evidence justified it, it would be the duty of the trial court to instruct the jury upon the same, even in the absence of any request on the part of counsel, the duty of the trial court being to instruct the jury upon the law arising out of the pleadings and evidence in the' case. And in a proper case, the trial court may charge that vindictive damages are recoverable. In this •connection, we cite the case of Duvall v. Fuhrman, 3 C. C., 305, which was affirmed by the supreme court. Judge Cherrington, speaking for the court, after discussing the right of the jury to consider the property rights of the defendant in that case, after the breach of the contract, says at page 310:
“It is well settled that the jury may give punitive damages,' on account of the conduct of the defendant subsequent to the breach of the contract, even on account of the defense he sets up, the testimony he gives, and the manner in which he conducts the defense before the jury. It was claimed *276 by the plaintiff below that the conduct of the defendant below was peculiarly insulting on the trial, and intended to degrade and disgrace her. If the jury so believed, they might give vindictive damages without any regard to his property, no matter when it was acquired.”
True, the general rule is that in a case for breach of contract the party’s recovery is limited to the pecuniary loss sustained, but it is held that this general rule does not apply to a case for breach of promise of marriage, wherein, if the promise is shown to have been broken abruptly or. under humiliating circumstances, or if the defendant acted maliciously and in a way to injure the plaintiff’s character, punitive damages may be recovered. Johnson v. Travis, 33 Minn., 231; Thorn v. Knapp, 42 N. Y., 474, and McPherson v. Ryan, 59 Mich., 33.
Here the jury were instructed upon the subject of punitive damages on the theory, no doubt, that the evidence called for such instruction, although it appears that an amendment was ordered to be made to the plaintiff’s petition having special reference to this subject of damages, after trial, presumably to conform the same to the case made by the evidence, under statutory authority, as claimed, and to which reference will hereafter be made.
Here the record shows the entire history of the incidents leading up to this suit, and includes the trial, and it was for the jury to say what the conduct of the plaintiff in error toward the defendant in error was, whether or not under all the evidence there was good and sufficient cause shown to authorize the application of the rule of law given *277 to them in charge by the court, and if so, to what extent, in the exercise, of a sound discretion.
As was said by the distinguished judge in announcing the opinion in the case of Roberts v. Mason, supra, as illustrating the rule of law therein laid down:
“In a case of this kind, twelve intelligent and impartial men, acting under oath, and subject, in a proper case, to the control of the court, are not likely to do any great wrong; and it seems to us that the power which this rule confers upon a jury, may, in practice, operate as a salutary restraint upon the evil passions of bad men.”
We think the instruction given was proper, and in so giving it the trial court did not commit prejudicial error to the cause or interests of the plaintiff in error.
It is also argued that the court below erred in ordering upon its own motion, after verdict but before the journal entry overruling the motion for a new trial was filed, the plaintiff’s petition to be amended by inserting at the end of the twelfth line of the second page thereof the following:
“And that each and every act of defendant in promising to marry plaintiff and his subsequent refusal to marry her are ruthless and wanton.”
This amendment, it is claimed, was ordered to be made under favor of Section 11363, General ’Code, which, provides:
“Before or after judgment, in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting, a mistake in the name of *278 a party or a mistake in any other respect, or by inserting other allegations material to the case, or, when the amendment does not subsequently change the claim or defense, by conforming the pleading or proceeding to the facts proved. When an action or proceeding fails to conform to the provisions of this title, the court may permit either to be made conformable thereto, by amendment.”
Whenever before the courts for construction, it has been held that this statute gives to the trial court discretionary power over amendments to pleadings, and such amendments may be made by said 'courts upon their own motion. Becker v. Walworth, 45 Ohio St., 169, 175; Logan, Admx., v. Thrift, 20 Ohio St., 62; Benninger v. Hess, 41 Ohio St., 64, 69; Mt. Adams & Eden Park Ry. Co. v. Wysong, 8 C. C., 211; Barbour v. Miles, 14 C. C., 628, 635, and Wicker et al. v. Messinger et al., 22 C. C., 712.
Here it 'appears that the amendment made falls within the provisions'of said section, and that the action of. said court was but the exercise of discretionary power conferred by said section. True, counsel say they were taken by surprise, and it may be they were, but it seems that the trial court “in furtherance of justice” felt called upon to order said amendment made, perhaps to conform the petition to the facts which the evidence tended to prove. An examination of the record fails to show that any objection was made to the introduction of evidence bearing upon the feature of the case sought to be covered by the amendment, and the court having charged upon the subject of punitive damages as if said amendment had been incorpo *279 rated in said petition, we think that under said section it was not an abuse of power or discretion upon the part of the trial court in ordering said amendment made.
It is also contended “that the damages awarded to the plaintiff below are excessive in amount, appearing to have been given under the ■ influence of passion or prejudice.” In the absence of a showing in support of this allegation, we take it that a contrary presumption would appear. Quoting from the opinion in the case of Duvall v. Fuhrman, supra, which was a case for damages for breach of promise of marriage, the judge speaking for the court on page 312 says:
“In actions of this nature, the courts rarely interfere to set aside a verdict as excessive. If the damages are so flagrantly outrageous and extravagant, as to evince intemperance, partiality or corruption on the part of the jury, it is the duty of the court to reduce the amount or set the verdict aside, according to the circumstances.”
We find none of the elements referred to in the above case present in this case, and assuming that the jury was composed of fair, upright and intelligent men, w'e would not be disposed to discredit their judgment by substituting our own in the absence of good and sufficient reasons therefor. This ground of error is held not to be well taken.
It is urged that the verdict of the jury is not sustained by sufficient evidence, that it is against the manifest weight of the evidence and contrary to law. If counsel are right in behalf of their contention on either of these, propositions, then this verdict ought not to stand. Without rehearsing *280 the evidence embraced in the two separate large volumes making up the record in this case, it will be sufficient to say that we have read all the evidence therein, including the exhibits, and while there appears to be a marked conflict in the evidence of the parties hereto upon the material and controlling issue in this case, namely, whether or not it was a promise on the part of the plaintiff in error to marry the defendant i'n error and a like promise on her part to marry the former, and a mutual agreement to marry each other, and that afterward the plaintiff in error, although requested to do so, refused to marry the defendant in error, and between other witnesses upon other issues involved herein as well, such evidence and all the other evidence relating to the subject-matter of this suit involved questions of fact, which it was the sole province of the jury to determine, and having determined them, with a record before us tending to sustain the claim of the plaintiff below that a promise to marry was made and broken as alleged in her petition, although denied by the defendant below, as a reviewing court we do not feel justified in disturbing the verdict of the jury or judgment of said court on either of the grounds stated.
Thus far we have considered the several contentions of counsel for the plaintiff in error, involving as they do, a review of several of the material questions arising during the trial, and some after trial and before judgment, but we are still met with the question -as yet undisposed of, and presented with great vigor by counsel, and that is, the subject of newly discovered evidence. Indeed, this branch of the case has given the court more *281 concern than any other. In most cases many questions that arise during the progress of the trial, or even after trial, where the determination of an issue rests with the court, the law furnishes a means of solution for such questions or issue, while in the case before us the law furnishes certain rules as aids in the execution of judicial duty, but still the rule to be applied in the ultimate determination of the question made here rests in a sound discretion to be exercised by the court.
The provision relating to new trials is to be found in Section 11576, General Code, which provides :
“A former verdict, report, or decision, shall be vacated, and a new trial granted by the trial court on the application of a party aggrieved,- for any of the following causes affecting materially his substantial rights.”
Subdivision 7 of said section provides that one of said grounds or causes is “newly discovered evidence, material for the party applying, which with reasonable diligence he could not have discovered and produced at the trial.”
The requisites here pointed out are so plain that neither time nor space need be taken in their explanation.
Perhaps the best digest of the rules governing courts in granting new trials upon the ground of newly discovered evidence is to be found in 14 Ency. of Pleading and Practice, page 791, which is as follows:
“A new trial. will not be granted on a mere showing that new evidence has been discovered. Newly discovered evidence, in order to be snffi *282 dent, must fulfil all the following requirements: (1) It must be such as will probably change the result if a new trial is granted. (2) It must have been discovered since the trial. (3) It must be such as could not have been discovered before the trial by the exercise of due diligence. (4) It must be material to the issue. (5) It must not be merely cumulative to the former evidence. (6) It must be not merely impeaching or contradicting the former evidence.”
It will be observed that the forgoing embraces the general rules applicable to the subject treated of, the law of each state, of course, being governed by the adjudications of such state. In this state, for instance, the law is somewhat different than that stated under the first subdivision of the rules enumerated relating to the legal effect of the alleged newly discovered evidence. Referring to the case of Moore v. Coates, 35 Ohio St, 177, Judge Okey, speaking for the court in that case, says at page 181:
“'These authorities show that motions for new trials-based, on that ground [newly discovered evidence],'are not favored. In construing our former statutes, that rule was not disregarded. The motion was denied if the mover had been guilty of laches.”„
And in Lessee of Ludlow’s Heirs v. Park, 4 Ohio, 5, 45, it was said:
“In considering the motion, the court will not inquire, whether, taking the newly discovered evidence in connection with that exhibited on the trial, a jury might be induced to give a different verdict; *283 but whether the legitimate effect of such evidence would be to require a different verdict.”
See, also, C., C., C. & I. Rd. Co. v. Long, 24 Ohio St., 133, and Cincinnati Traction Co. v. Felser, 12 C. C., N. S., 565, 566.
Leaving this subject for the present, let us inquire concerning the history of this action, when it was 'commenced, etc., as bearing upon the diligence required by said Section 11576, General Code, as a prerequisite to the granting of a new trial upon the ground of newly discovered evidence.
The transcript shows the following:
1915, July 2. Petition filed.
1915, November 12. Answer filed.
1916, February 18. Verdict for $10,500.
1916, February 21. Motion for new trial filed.
1916, March 2. Death of defendant suggested.
1916, June 23. H. W. Barnhart, administrator with the will annexed of Robert H. Jacob, made party defendant and ordered that said action proceed in his name as such defendant.
1916, June 23. Motion to set aside verdict and for a new trial overruled and judgment entered on verdict.'
It thus appears that some eight months intervened between the commencement and trial of said action, and that during said time depositions of witnesses were taken in the city of Indianapolis, Indiana, at different times, by both the plaintiff in error and defendant in error, under proper notice served for such purpose. That on the occasion of the defendant in error taking such depositions, the depositions of Mary Myers and Ida Crane were taken, on whose evidence the motion for a new *284 trial on the ground of newly discovered evidence is based. It appears that counsel for plaintiff in error were present and cross-examined at the talcing of such depositions, thus affording the plaintiff in error opportunity of learning who said witnesses were, their relations to the defendant in error, their occupation, their residence, etc. It likewise appears that counsel for plaintiff in error, after such depositions were taken, served notice to take the depositions of witnesses in said city of Indianapolis for the plaintiff in error, and went to said city for that purpose. In support of said motion for a new trial an affidavit of counsel for plaintiff in error was filed setting forth that neither the plaintiff in error nor his counsel were in possession of any fact or facts known by said two witnesses or either of them concerning the issues of this case other than as testified to by them in their depositions taken. As the statute cited requires, and as is held in numerous cases of this state, one applying for a new trial on the ground of newly-discovered evidence must show reasonable diligence to obtain the testimony of witnesses sought before trial, and it must further appear that such testimony could not have been discovered and produced at said trial by the exercise of reasonable diligence. Considering the intelligence and experience with the world’s affairs of the plaintiff in error as evidenced by his testimony, his letters to the defendant in error, and otherwise, it would seem that the commencement of this action coupled with his alleged knowledge of the adventuresome character of the defendant in error, as claimed, would have been notice to him to prepare his case accordingly. He knew of the *285 charge made, what range of testimony the charge would undoubtedly take, that the defendant in error then resided and for many years theretofore had resided in the city of Indianapolis, where her friends and acquaintances also resided, and among them the two witnesses named, Mary Myers and Ida Crane, whom he, or at least his counsel, had personally met after the taking of their depositions and interviewed them concerning this case, and also knew that the defendant in error apparently had been disappointed in the testimony given by said two witnesses in their depositions. Under this state of facts, does it appear that reasonable diligence was used to obtain the testimony of these witnesses at the trial and that their testimony could not have been discovered by reasonable diligence? Nothing appears to show that these witnesses, or either of them, were not in the city of Indianapolis where their depositions could have been taken -at any time before trial, if desired. Of course, we are aware it sometimes happens that litigants are deprived of the benefits of the testimony of witnesses, unknown to them at the time of trial, but where a party has knowledge, or the means of knowledge, which if followed up would have led to the discovery of the evidence before trial (as in this case), and on which an application for a new trial is based, on the ground stated, a new trial will not be granted. Wright v. Southern Express Co., 80 Fed. Rep., 85.
Again, following the suggestion made that the plaintiff in error had reason to anticipate the character of the testimony to be produced against him on the trial, in view of the charge made in the *286 petition, we call attention to an extract from the case note made under the case of Graves v. Graves, 10 L. R. A., N. S., 216, wherein the question of different causes for a new trial are discussed:
“Some of the cases turn on the question of negligence in the preparation for trial; and it is held that, where the unsuccessful party has had his day in court, knowing what the issues were, and the sort of testimony his adversary was likely to produce, he should have been ready then and there to meet and prove its falsity. If any relief is to be granted, it must be for something discovered after the trial, which could not with due diligence have been made available there.”
Assembling all the facts on this branch of the case, we are inclined to the view that the case is one of doubtful propriety, at least, for authorizing a new trial on the ground that reasonable diligence has been shown to obtain the testimony of these two witnesses, or that the same could not have been obtained by reasonable diligence.
Said subdivision 7 of Section 11576, General Code, provides that the newly discovered evidence must also be material to the issue in the case.
Assuming that reasonable diligence had been shown to obtain the testimony of said two witnesses, Mary Myers and Ida Crane, would their testimony be material to the issues here and not be cumulative to the evidence- already offered by the plaintiff in error? If no such evidence had been offered, there could be but one answer to the question, because said witnesses in their affidavits State that certain admissions were made to them by the defendant in error — admissions affecting her *287 relations with the plaintiff in error — which would be competent as evidence against the party making them.
But would the legitimate effect of such evidence, if introduced on the trial, when taken in connection with that already introduced on the trial, be to require a different verdict, as was held in the case of Moore v. Coates, 35 Ohio St., 177, already cited?
Not that it might produce a different verdict, but would the legitimate effect of such evidence be to require a different verdict, when considered in connection with that introduced on the trial? It. will be noticed that the evidence proposed to be offered is in the nature of admissions only. Under the rules of evidence, admissions made to third parties are always to be closely scrutinized and to be received with great caution. Considering the statements made in said two affidavits, which are substantially the same and which are denied by the defendant in error, the question arises, are th^y material to the issue in the case, if. testified to, and if material and testified to, would their effect be anything more than to discredit or impeach the testimony of the defendant in error on matters concerning which evidence has already been given? And, further, would not such evidence be, not evidence of new and distinct facts, but of an inconclusive and cumulative character in sustaining the witness, Clara Brown, in her testimony of alleged admissions made to her by the defendant in error? We are of the opinion that it would be, and it is a well-settled rule of law that a new trial will not be granted on the ground of newly-discovered evidence when the new evidence relied on is merely *288 cumulative to that introduced at a former trial. So we hold that the evidence proposed as contained .in said two affidavits is not material to the issue or issues involved herein and that the court below was not guilty of a manifest abuse of discretion, or of any abuse of discretion, in overruling said motion for a new trial on the ground of newly-discovered evidence.
Considering the provisions of Sections 11397 and 11235 of the General Code, we are of the opinion that the death of the plaintiff in error, under- the status of the case at the time of his said death, did not work an abatement of this action, and therefore the court below did not err in ordering said action to proceed in the name of the administrator of said decedent’s estate.
Finding no error in the record prejudicial to the legal rights of the plaintiff in error, the judgment of ¡the court of common pleas will be affirmed and said cause will be remanded to said court to carry said judgment into execution.

Judgment affirmed.

Powell and Houck, JJ., concur.