**UNITED STATES of America,
Appellee,**

v.

**Carroll BLACKWELL, Appellant.**

**No. 74–2381.**

United States Court of Appeals,
Fourth Circuit.

Argued April 7, 1975.

Decided April 23, 1975.

Roger L. Amole, Jr., Alexandria, Va. (court-appointed), for appellant.

Stephen R. Pickard, Asst. U. S. Atty. (David H. Hopkins, U. S. Atty., E.D.Va., on brief), for appellee.

Before BUTZNER, RUSSELL, and WIDENER, Circuit Judges.

PER CURIAM.

Carroll Blackwell appeals his conviction of aiding and abetting Gwendolyn Hernandez in embezzling more than $100 in violation of 18 U.S.C. §§ 656 and 2. Section 656 provides that an employee who embezzles from certain banking institutions shall be fined not more than $5,000, or imprisoned not more than 5 years, or both, but if the amount does not exceed $100, the maximum fine is reduced to $1,000 and the maximum imprisonment is reduced to one year. Section 2 provides that an aider or abettor shall be punishable as a principal.

Hernandez, a bank employee, the principal, was indicted for embezzling $2,300, but she pleaded guilty to the lesser included offense of embezzling not more than $100. Blackwell was indicted for aiding and abetting her to embezzle $2,300. After she pleaded guilty to the lesser included offense, he moved to dismiss his indictment on the ground that she had implicitly been acquitted of embezzling $2,300.

The district court denied Blackwell's motion to dismiss, but instead ordered that he should be tried on the lesser included offense of aiding and abetting in the embezzlement of $100. Blackwell was convicted and was sentenced to one year in prison. We find no error in the district court's ruling.

Federal Rule of Criminal Procedure 31(c) specifically provides that a "defendant may be found guilty of an offense necessarily included in the offense charged." Blackwell's indictment necessarily included the lesser offense of aid-

ing and abetting in the embezzlement of a sum not exceeding $100. Consequently, he could be tried on this indictment.

■ We find no cause for reversal in Blackwell's other assignments of error. However, the judgment should be amended. It recites that he was found guilty as charged in the indictment. It should reflect that he was convicted of the lesser included offense, that is, aiding and abetting in the embezzlement of a sum not exceeding $100. The error is clerical, and it can be corrected pursuant to Rule 36.