46 F.3d 1127
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Michael Germaine DOUGLAS, Defendant-Appellant.
 No. 93-5128.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 8, 1994.
Decided Feb. 1, 1995.
 
 Richard A. Davis, Charlottesville, VA, for appellant. Robert P. Crouch, Jr., U.S. Atty., Stephen U. Baer, Asst. U.S. Atty., Roanoke, VA, for appellee.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 OPINION
 PER CURIAM:
 
 
 1
 A jury convicted Michael Germaine Douglas of distributing crack cocaine in violation of 21 U.S.C.A. Sec. 841(a)(1), (b)(1)(A)(iii) (West 1981 & Supp.1994). On appeal, Douglas' attorney purported to invoke Anders v. California, 386 U.S. 738 (1967).[1] However, defense counsel properly invokes Anders where he moves for leave to withdraw and certifies that he can identify no nonfrivolous grounds for appeal. Anders, 386 U.S. at 744; see Penson v. Ohio, 488 U.S. 75, 80 (1988). Here, Douglas' counsel identified several assignments of error and argued them on appeal. Although counsel failed to comply fully with Anders, we conducted an independent review of the entire record.
 
 
 2
 On appeal, Douglas' counsel raises four issues: (i) the evidence was insufficient to convict Douglas because it did not show he possessed the crack cocaine, it did not show he intended to distribute the crack cocaine, and it did not establish a chain of custody for the crack cocaine; (ii) the district court erred when it allowed Detective Burton to testify as an expert that Douglas' conduct suggested involvement in narcotics activities; (iii) the district court erred in ruling that a potential defense witness could be cross-examined about her pending drug indictment; and (iv) the district court erred when it allowed the Government to introduce extrinsic evidence of a defense witness' crack cocaine arrest. We affirm Douglas' conviction and sentence but amend the judgment of conviction to reflect that the jury convicted Douglas of possession with intent to distribute crack cocaine.[2]
 
 I.
 
 3
 Douglas argues that insufficient evidence existed to convict him. "To sustain a conviction the evidence, when viewed in the light most favorable to the government, must be sufficient for a rational trier of fact to have found the essential elements of the crime beyond a reasonable doubt." United States v. Brewer, 1 F.3d 1430, 1437 (4th Cir.1993); see Glasser v. United States, 315 U.S. 60, 80 (1942).
 
 
 4
 At trial, Detective Charles Burton testified that he saw Douglas standing by the driver's door of a parked car holding in his hand a large plastic bag that contained an off-white substance. When Detective Burton made eye contact with Douglas, Douglas walked behind the car, hesitated briefly, and stopped at the car's passenger side. Although Detective Burton found no drugs or plastic bag when he searched Burton, Detective Granville Fields noticed on the ground directly behind the parked car a plastic bag that contained in smaller bags, large pieces of a white, rock-like substance, apparently crack cocaine. This bag resembled the bag Detective Burton saw in Douglas' hand before Douglas walked behind the car. Further, neither Detective saw anyone other than Douglas behind the car even though other people were in the area. Although Douglas presented witnesses and took the stand in his own defense, the jury obviously did not find their testimony credible. This Court does not weigh evidence or review credibility of witnesses in resolving issues of substantial evidence. United States v. Saunders, 886 F.2d 56, 60 (4th Cir.1989). Therefore, this evidence was sufficient for a jury to find that Douglas possessed the crack cocaine. See United States v. Nelson, 6 F.3d 1049, 1053 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3792 (U.S.1994).
 
 
 5
 Douglas also asserts that he did not intend to distribute the crack cocaine because the quantity was not massive. Here, intent may be inferred because the laboratory analysis of the substance found in the plastic bag confirmed that the bag contained 52.86 grams of crack cocaine. See Nelson, 6 F.3d at 1053; United States v. Bell, 954 F.2d 232, 235 (4th Cir.1992) (holding that thirteen and one-half grams of crack cocaine sufficient for jury to infer intent to distribute). Further, Detective Burton testified that one bag with other bags of crack cocaine inside suggested an intent to distribute. Therefore, the evidence was sufficient for the jury to find that Douglas intended to distribute crack cocaine. See Glasser, 315 U.S. at 80; Brewer, 1 F.3d at 1437.
 
 
 6
 Finally, Douglas contends that the chain of custody was insufficient to prove that the crack cocaine seized when Detective Burton arrested Douglas was the same as that introduced at trial. Detective Fields testified that he seized the plastic bag and its contents, placed it in his evidence locker, and gave it to the evidence technician who placed it in the temporary drug locker until he personally took the evidence to the laboratory for analysis. The Government introduced into evidence certificates of laboratory analysis and eight bags that contained the remainder of the substance analyzed by the laboratory but did not introduce the original bag because it was examined by a different laboratory division for latent fingerprints. Because this testimony establishes "sufficient proof that the evidence is what it purports to be and has not been altered in any material aspect," United States v. Howard-Arias, 679 F.2d 363, 366 (4th Cir.), cert. denied, 459 U.S. 874 (1982), the trial court did not abuse its discretion in admitting the crack cocaine. Accordingly, we find that the evidence, taken in the light most favorable to the Government, was sufficient to convict Douglas of possession with intent to distribute crack cocaine. See Glasser, 315 U.S. at 80; Brewer, 1 F.3d at 1437.
 
 II.
 
 7
 Douglas contends that the district court erred when it allowed Detective Burton to testify that Douglas appeared to be engaged in a drug transaction when he was standing at a driver's window with a plastic bag in his hand because the probative value of Detective Burton's testimony was substantially outweighed by unfair prejudice. Because Douglas did not object at trial, he is entitled only to review for plain error. See United States v. Olano, 61 U.S.L.W. 4421, 4423 (U.S.1993). We find no plain error.
 
 III.
 
 8
 Douglas contends that the district court erred when it ruled that a potential defense witness, a woman named Haliburton, could be cross-examined on her pending drug indictment. Douglas did not call Haliburton as a witness. On appeal, Douglas does not state what testimony Haliburton would have given or how it would have affected the outcome of the proceedings. Therefore, this argument lacks merit.
 
 IV.
 
 9
 Douglas' final argument is that the district court erred in allowing the Government on rebuttal to introduce evidence of defense witness Taner Townsend's prior arrest for selling crack cocaine to impeach his statement that he had never bought or sold drugs because it was unduly prejudicial. A witness' credibility may not be impeached by extrinsic evidence of specific instances of conduct, other than by evidence of a conviction, see United States v. Blackshire, 538 F.2d 569, 572 (4th Cir.), cert. denied, 429 U.S. 840 (1976), unless the extrinsic evidence is probative of a material issue in the case. United States v. Smith Grading & Paving, Inc., 760 F.2d 527, 531 (4th Cir.), cert. denied, 474 U.S. 1005 (1985).
 
 
 10
 Here, Townsend testified that another person dropped the plastic bag of crack cocaine under the car while Detective Burton searched Douglas. This statement was probative of who possessed the crack cocaine, a material issue in the case. During Townsend's cross-examination, he testified without objection that he knew about buying and selling crack cocaine but that he had never bought or sold it. On rebuttal, the Government presented extrinsic evidence through Detective Burton that he had arrested Townsend for selling crack cocaine. We find that the district court erred in admitting the rebuttal testimony because it was extrinsic evidence of specific conduct that did not relate directly to who possessed the crack cocaine. See Fed.R.Evid. 608(b); Smith Grading, 760 F.2d at 531. Rather, the testimony attacked Townsend's credibility. Considering the record as a whole, however, we find it highly probable that the error did not affect the judgment. Therefore, the district court's error was harmless. See Fed.R.Crim.P. 52.
 
 V.
 
 11
 We have examined the entire record in this case and find no other meritorious issues for appeal. Accordingly, we affirm Douglas' conviction, as amended to reflect the actual offense for which the jury must have convicted Douglas--possession with intent to distribute crack cocaine. See Fed.R.Crim.P. 36; United States v. Blackwell, 515 F.2d 125, 127 (4th Cir.1975).
 
 
 12
 This Court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this Court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED AS AMENDED.
 
 
 
 [1]
 Under the heading "DEFENDANT DOES NOT FEEL HIS CONVICTION WAS PROPER," Douglas' counsel states that:
 Counsel has reviewed the record and set forth all possible errors he could divine. Counsel has discussed with defendant filing an Anders brief, has discussed with defendant all possible issues for appeal and has included in this brief all issues sought to be raised by the defendant. Counsel has furnished a copy of this brief and Appendix to defendant by mailing him a copy first-class and postage pre-paid. Counsel further certifies that he has advised defendant of his right to raise additional issues on appeal within a time to be set by the Court of Appeals.
 (Appellant's Br. at 14-15). We subsequently granted Douglas leave to file a supplemental brief, which he did not do.
 
 
 [2]
 Our independent review of the record in no way relieves Douglas' counsel of any continuing duties he may owe to his client. See Anders, 386 U.S. at 744