**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4184**

UNITED STATES OF AMERICA,

          Plaintiff - Appellee,

    v.

BYRON ANTHONY GREY, JR.,

          Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Roger W. Titus, District Judge. (8:08-cr-00462-RWT-1)

Submitted: January 31, 2012      Decided: March 6, 2012

Before MOTZ, GREGORY, and KEENAN, Circuit Judges.

Affirmed in part; remanded in part by unpublished per curiam opinion.

Richard Alan Finci, HOULON, BERMAN, BERGMAN, FINCI, LEVENSTEIN & SKOK, LLC, Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Deborah A. Johnston, Stacy D. Belf, Assistant United States Attorneys, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Byron Anthony Grey, Jr., pleaded guilty to conspiracy to distribute and possess with intent to distribute fifty grams or more of cocaine base (Count 1) and possession of a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c) (2006) (Count 5). Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties agreed that Grey would be sentenced to 300 months' imprisonment. The district court sentenced Grey to 300 months' imprisonment (240 months for Count 1 and 60 consecutive months for Count 5). Grey appeals, alleging that the district court should have granted his motion to withdraw his guilty plea. For the reasons that follow, we affirm.

We find no abuse of discretion in the district court's denial of the motion to withdraw. United States v. Ubakanma, 215 F.3d 421, 424 (4th Cir. 2000) (providing standard of review). The court carefully analyzed Grey's motion in light of the six factors discussed in our opinion in United States v. Moore, 931 F.2d 245, 248 (4th Cir. 1991). Moreover, we find that Grey's guilty plea hearing was properly conducted under Fed. R. Crim. P. 11. United States v. Puckett, 61 F.3d 1092, 1099 (4th Cir. 1995) (noting that a proper Rule 11 hearing creates a strong presumption that the plea is final and binding). Accordingly, we conclude that Grey's claim is without merit.

Thus, we affirm Grey's convictions and sentence. We note, however, that Grey pleaded guilty to and was sentenced for possessing a firearm in furtherance of a drug trafficking crime under 18 U.S.C. § 924(c). The written criminal judgment mistakenly states that Grey was convicted and sentenced for being a felon in possession of a firearm under 18 U.S.C. § 922(g) (2006). We remand for correction of this clerical error. See Fed. R. Crim. P. 36; United States v. Blackwell, 515 F.2d 125, 127 (4th Cir. 1975). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
REMANDED IN PART