**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

―――――――――

**No. 06-7921**

―――――――――

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

VERNON POWELL,

Defendant - Appellant.

―――――――――

Appeal from the United States District Court for the District of Maryland, at Greenbelt. Peter J. Messitte, District Judge. (8:99-cr-00514-PJM)

―――――――――

Argued: January 29, 2008          Decided: February 21, 2008

―――――――――

Before WILLIAMS, Chief Judge, NIEMEYER, Circuit Judge, and Liam O'GRADY, United States District Judge for the Eastern District of Virginia, sitting by designation.

―――――――――

Vacated and remanded by unpublished opinion. Judge Niemeyer wrote the opinion, in which Chief Judge Williams and Judge O'Grady joined.

―――――――――

**ARGUED:** Daniel Harry Ginsburg, BENNETT & BAIR, L.L.P., Greenbelt, Maryland, for Appellant. Jonathan Su, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee. **ON BRIEF:** Fred Warren Bennett, Rachel Marblestone Kamins, BENNETT & BAIR, L.L.P., Greenbelt, Maryland, for Appellant. Rod J. Rosenstein, United States Attorney, Baltimore, Maryland, Deborah A. Johnston, Assistant United States

Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenbelt, Maryland, for Appellee.

———————————

Unpublished opinions are not binding precedent in this circuit.

NIEMEYER, Circuit Judge:

Because Vernon Powell's sentence was extended by more than 10 years as a result of an uncorrected clerical error, we remand this case to the district court to correct the clerical error pursuant to Federal Rule of Criminal Procedure 36 and then to resentence Powell.

Vernon Powell was convicted of trafficking in illegal drugs, and, on May 25, 2001, was sentenced as a career offender to 360 months' imprisonment. Powell qualified as a career offender by having had two prior Maryland state felony convictions "of a controlled substance offense." See U.S.S.G. § 4B1.1(a)(3). A "controlled substance offense" is a federal or state offense, punishable by more than one year imprisonment, that "prohibits the manufacture, import, export, distribution, or dispensing of a controlled substance . . . <u>or the possession of a controlled substance . . . with intent to manufacture, import, export, distribute, or dispense</u>." U.S.S.G. § 4B1.2(b) (emphasis added). Thus, we have held that a conviction for mere possession of controlled substances does not qualify as a "controlled substance offense" under § 4B1.1 because it is not accompanied by the intent to manufacture, import, export, distribute, or dispense, as required by the language of § 4B1.2. See <u>United States v. Neal</u>, 27 F.3d 90, 92 (4th Cir. 1994).

In March 2005, some four years after Powell's judgment of conviction, Powell's counsel discovered that because of a clerical error in the state court, one of Powell's predicate offenses did not qualify as "a controlled substance offense" under U.S.S.G. § 4B1.1(a)(3). Counsel was reviewing the guilty pleas and sentencing transcripts from Powell's 1989 state drug conviction and discovered that due to a clerical error, the state court's docket entry for Powell's 1989 drug conviction was incorrect. Although Powell had entered a guilty plea to Count 3 of his 1989 indictment, charging conspiracy to possess a controlled dangerous substance, the state court's docket entry erroneously recorded that Powell was convicted of Count 4 of his indictment, charging conspiracy to violate the controlled dangerous substance laws, a broader offense. As a result of the error, Powell was improperly sentenced as a career offender under the Sentencing Guidelines because he did not have two qualifying predicate offenses.

In the then pending proceeding before the district court under 28 U.S.C. § 2255, Powell's counsel filed a "Supplement" to his § 2255 motion, arguing that on the basis of the clerical error, Powell was improperly sentenced as a career offender. While that motion was pending, Powell's counsel filed a parallel motion in the Circuit Court for Prince George's County, Maryland, where the conviction had been recorded, to correct the erroneous docket entry for his 1989 state conviction, and the state court granted Powell's

- 4 -

motion on June 10, 2005, showing that he pleaded guilty to Count 3, not to Count 4 as had been recorded.

The government agrees that the actual state court offense to which Powell pleaded guilty was not a qualifying offense and that Powell in fact did not qualify to be sentenced as a career offender. The government contends, however, that Powell is too late in seeking to correct the error now because of the one-year statute of limitations included in § 2255. Thus, it maintains that Powell must serve his 360-month sentence even though it agrees he could not legally have been sentenced to that time. The legal sentence, it agrees, would have been one between 188 to 235 months, which is more than 10 years shorter than the sentence he received.

The district court denied Powell's motion to vacate his sentence, finding it to be time-barred by 28 U.S.C. § 2255's statute of limitations, and Powell filed this appeal.

It is no doubt true that the important interest of finality in judicial proceedings requires that judicial and substantive errors in cases be laid to rest after specified time periods. Thus, even though § 2255 authorizes motions to attack sentences on the grounds that they were imposed (1) in violation of the Constitution, (2) in violation of federal laws, (3) without jurisdiction, (4) in excess of the maximum authorized by law, or (5) as otherwise subject to collateral attack, the provision requires that any such motion be filed within <u>one year</u> after the judgment of conviction becomes

final or after other dates specified in § 2255, which are not governing here. The same policy of finality is also manifested in Federal Rule of Criminal Procedure 35(a), which authorizes a court to correct a sentence within <u>seven days</u> after it is entered for "arithmetical, technical, or other clear error."

But when an error is purely a "clerical error in a judgment, order, or other part of the record," the policy of finality is trumped and a court is authorized to correct the error <u>at any time</u>. <u>See</u> Fed. R. Crim. P. 36. Such an error, however, may not be a judicial or substantive error but must be purely clerical. The errors most commonly subject to correction under Rule 36 are thus recording or scrivener's errors that make a difference. <u>See</u> <u>generally</u> 3 Charles Alan Wright, Nancy J. King & Susan R. Klein, Federal Practice and Procedure § 611 (3d. ed. 2004). Thus, Rule 36 has been employed to amend a judgment to include an obviously omitted forfeiture order, <u>see</u> <u>United States v. Yeje-Cabrera</u>, 430 F.3d 1, 13-16 (1st Cir. 2005); or to correct a judgment that erroneously cited the controlling statute, <u>see</u> <u>United States v. Chapman</u>, 345 F.3d 630, 637 (8th Cir. 2003); or to correct the amount of a restitution ordered by the court, <u>see</u> <u>United States v. Ervasti</u>, 201 F.3d 1029 (8th Cir. 2000); or to correct a judgment to refer to a lesser included offense to which the defendant pleaded guilty, rather than to the charge contained in the indictment, <u>see</u> <u>United States v. Blackwell</u>, 515 F.2d 125, 127 (4th Cir. 1975).

In this case, the error was much like that in <u>Blackwell</u> where the clerk recorded the wrong offense to which the defendant pleaded guilty. Powell pleaded guilty in state court to Count 3, which charged him with conspiracy <u>to possess</u> a controlled dangerous substance, and not to Count 4, but the clerk erroneously recorded him as pleading guilty to Count 4. Accordingly, Powell's sentence in federal court, imposed on the basis of the state court clerk's recording error, was over 10 years longer than it otherwise would have been. While the clerical error was not made by employees of the federal court, it nonetheless became part of the federal court's record for purposes of sentencing in this case. As the state court has now corrected the clerical error, we too will order a correction of the same error in the federal court record.

Accordingly, we remand this case to the district court to correct the error in reporting Powell's predicate offenses under Federal Rule of Criminal Procedure 36 and then to resentence him in accordance with the corrected record.

<u>VACATED AND REMANDED</u>