**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

September 17, 2009

Charles R. Fulbruge III
Clerk

No. 08-20437
Summary Calendar

UNITED STATES OF AMERICA

Plaintiff-Appellee

v.

ROQUE URDIALES GARCIA, also known as El Profe, also known as Roberto

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:89-CR-232-3

Before JONES, Chief Judge, and GARZA and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Roque Urdiales Garcia, federal prisoner # 49905-079, appeals the district court's denial of his FED. R. CRIM. P. 36 motion to correct a clerical error in the district court's 1998 judgment denying his first 28 U.S.C. § 2255 motion. Garcia argues that the district court miscalculated his sentence in its 1998 judgment and erroneously cited the 1997 Sentencing Guidelines. He argues that the correction of this error reflects that his sentence was not properly calculated

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

under the 1987 Sentencing Guidelines. He argues that the this court should remand his case for correction of the clerical error.

Garcia has not shown that the district court erred in denying his Rule 36 motion to correct his sentence. Garcia's Rule 36 motion amounts to a collateral attack on his original sentence that must be brought under § 2255. A motion under § 2255 is the primary mechanism for collaterally attacking a federal sentence. *Pack v. Yusuff*, 218 F.3d 448, 451 (5th Cir. 2000). Garcia cannot collaterally attack the district court's denial of his first § 2255 motion in the instant appeal. *See id.*

Garcia has filed a FED. R. APP. P. 28(j) letter citing *United States v. Powell*, 266 F. App'x 263 (4th Cir. 2008), in support of his argument that Rule 36 may be used to correct his sentence. *Powell* is distinguishable from the instant case because Powell established that a clerical error caused him to be improperly sentenced as a career offender. He raised the argument that his sentence should be corrected in a supplemental § 2255 motion filed while his first § 2255 motion was pending. Garcia has not shown that a clerical error exists, and he raised this argument in a Rule 36 motion filed approximately ten years after his first § 2255 motion was denied; Garcia's Rule 36 motion is in effect a successive § 2255 motion.

For the first time on appeal, Garcia also argues that this court should exercise its authority under 28 U.S.C. § 2106 to correct his illegal sentence. This court will not consider the newly raised argument. *See Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999).

AFFIRMED.