**PUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 18-6225

UNITED STATES OF AMERICA

> Plaintiff - Appellee

v.

LAMONT MARLOE VANDERHORST

> Defendant - Appellant

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, Senior District Judge.  (3:07-cr-00129-HEH-1)

Argued:  March 21, 2019                           Decided:  June 25, 2019

Before WYNN, DIAZ, and THACKER, Circuit Judges.

Affirmed by published opinion.  Judge Wynn wrote the opinion, in which Judge Thacker joined.  Judge Diaz wrote a separate opinion dissenting in part and concurring in the judgment.

**ARGUED:**  Mark Everette Edwards, EDWARDS & TRENKLE, PLLC, Durham, North Carolina, for Appellant.  Michael Calvin Moore, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.  **ON BRIEF:**  G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

WYNN, Circuit Judge:

Defendant Lamont Marloe Vanderhorst appeals a decision of the U.S. District Court of the Eastern District of Virginia denying his motion under Federal Rule of Criminal Procedure 36 to correct a clerical error in his Pre-Sentence Report ("PSR"). According to Defendant, as a result of that clerical error, the district court wrongly sentenced Defendant as a career offender. In denying Defendant's motion, the District Court held that Rule 36 cannot serve as a vehicle for a defendant to pursue resentencing. Although we disagree with the district court's conclusion that defendants are categorically barred from pursuing resentencing under Rule 36, for the reasons that follow we nonetheless affirm the district court's decision to deny Defendant relief.

I.

On September 4, 2007, Defendant pleaded guilty to one count of conspiracy to distribute 5 kilograms or more of powder cocaine. Defendant's PSR listed several prior drug offenses relevant to this appeal, including: 1991 North Carolina state convictions for (1) "trafficking heroin by possession," (2) trafficking heroin by transportation," and (3) "conspiracy to sell and deliver cocaine," and a 1997 New Jersey conviction for (4) "distribution of a controlled dangerous substance." J.A. 158–59. The PSR determined that each of those four convictions constituted a "controlled substance offense" and therefore, that Defendant was subject to sentencing under the career offender guideline, U.S.S.G. § 4B1.1. J.A. 164. Applying the career offender guideline, the PSR calculated Defendant's total offense level as 34, his criminal history category as VI, and his advisory guideline range as 262–327 months' incarceration. Defendant's counsel told the

2

probation officer that he had no objections to the PSR and told the court that he did not find any errors in the calculation of Defendant's guideline range. Relying on that guideline range, the district court sentenced Defendant to 327 months' imprisonment.

Several years later, Defendant learned that his PSR incorrectly characterized one of his 1991 convictions—rather than being convicted of "conspiracy to sell and deliver cocaine," Defendant had been convicted of "conspiracy to traffick cocaine by transportation." The error in the PSR was attributable to an improper description of the offense in the Wake County, North Carolina Superior Court's electronic database, which the probation officer accessed and relied on in preparing the PSR. It is undisputed that given the nature of the error, Defendant's trial counsel would have had to travel to the Wake County Superior Court Clerk's office and examine the case file to learn of and correct the error. After learning of the error, the Wake County Superior Court corrected the database to reflect Defendant's correct offense of conviction. The Wake County database accurately characterized Defendant's other two 1991 convictions.

On March 29, 2016, Defendant filed a motion under Rule 36 seeking correction of the "clerical" error in the PSR and resentencing. In his supporting brief, Defendant asserted that, absent the clerical error, he should not have been sentenced as a career offender because none of his three 1991 convictions constituted controlled substances offenses for purposes of the Guidelines. According to Defendant, had he not been sentenced as a career offender, his guideline range would have been 140–175 months' imprisonment—at least 15 years shorter than the sentence he received. In a memorandum opinion and order entered February 23, 2018, the district court denied the

3

motion, holding that defendants are categorically barred from relying on Rule 36 as a basis for obtaining resentencing. Defendant timely appealed.

## II.

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. There is no dispute that a PSR, the type of record at issue here, constitutes an "other part of the record" amenable to correction under Rule 36. *See United States v. Mackay*, 757 F.3d 195, 198 (5th Cir. 2014) ("Because the PSR affects the rights and obligations of the defendant, we conclude it is of like kind or character as a 'judgment' or 'order' and that it is embraced by the terms 'other part of the record' as used in Rule 36."). And there is no dispute that the recording error at issue here constitutes a "clerical" error for purposes of Rule 36. *See id.* at 197 (holding that PSR's errant description of drug giving rise to defendant's prior controlled substance convictions constituted "clerical error"); *United States v. Powell*, 266 Fed. App'x 263 (4th Cir. 2008) (concluding that improper characterization of prior drug offense in PSR constituted "clerical error" when state court clerk "erroneously recorded" offense to which defendant pleaded guilty).

Rather, the issue on which the parties disagree—and which we must resolve—is whether the district court erred in holding that that clerical error did not constitute a basis for Defendant to obtain resentencing under Rule 36. Whether a district court properly denied a defendant's motion for relief under Rule 36 is a question of law that this Court reviews *de novo*. *See Mackay*, 757 F.3d at 197; *United States v. Portillo*, 363 F.3d 1161,

4

1164 (11th Cir. 2004) ("We review the district court's application of Fed. R. Crim. P. 36 to correct its judgment at sentencing as a matter of law de novo.").

In support of his contention that he is entitled to resentencing under Rule 36, Defendant principally relies on this Court's unpublished decision in *Powell*. There, the defendant, Powell, was convicted of drug trafficking and sentenced as a career offender to 360 months' imprisonment. *Id.* at 264. Four years after Powell's conviction, his counsel learned "that because of a clerical error in state court, one of Powell's predicate offenses did not qualify as 'a controlled substance offense'" for purposes of U.S.S.G. § 4B1.1. *Id.* at 265. In particular, "Powell pleaded guilty in state court to Count 3, which charged him with conspiracy *to possess* a controlled dangerous substance, and not to Count 4 [which had erroneously served as one of Powell's predicate offenses], but the clerk erroneously recorded him as pleading guilty to Count 4." *Id.* at 266 (emphasis retained).

The panel first noted that, like Defendant, Powell could not obtain relief under 28 U.S.C. § 2255 because Powell's conviction had been entered more than one year earlier. *Id.* at 265. Nonetheless, the panel concluded that Powell was entitled to resentencing under Rule 36 because the state clerk's error amounted to a "clerical error." *Id.* at 266. The panel then "remand[ed] th[e] case to the district court to correct the error in reporting Powell's predicate offenses under Federal Rule of Criminal Procedure 36 and then to resentence him in accordance with the corrected record." *Id.*

We agree with the *Powell* panel: Rule 36 may serve as an appropriate vehicle for a defendant to obtain resentencing when a clerical error likely resulted in the imposition

5

of a longer sentence than would have been imposed absent the error. In doing so, we acknowledge, as did the panel in *Powell*, that "the important interest of finality in judicial proceedings requires that judicial and substantive errors in cases be laid to rest after specified time periods." *Id.* at 265. But we also agree with the *Powell* panel that "when an error is purely a 'clerical error in a judgment, order, or other part of the record'"—like the scrivener's or recording errors at issue in *Powell* and this case—"the policy of finality is trumped and a court is authorized to correct the error *at any time*." *Id.* at 266 (emphasis retained). Forcing a defendant, like Powell, to spend years longer in prison solely due to a data entry error for which he had no responsibility serves no legal, judicial, or public interest, is manifestly unjust, and is why Rule 36 exists.[1]

---

[1] By contrast, the government argues—and the district court agreed—that our decision in *United States v. Goodwyn*, 596 F.3d 233 (4th Cir. 2010), categorically bars a district court from using Rule 36 as a vehicle to resentence a defendant. In *Goodwyn*, after the defendant already had had his sentence reduced under 18 U.S.C. § 3582(c)(2) due to a change in the Guideline range for his offense of conviction, the defendant successfully asked the district court for a second reduction in his prison term based on his good behavior and need to take care of his family. *Id.* at 234. This Court held that the district court reversibly erred in reducing the defendant's sentence a second time. *Id.* at 235. In reaching that conclusion, the Court noted that Section 3582(c) "states that a district court 'may not modify a term of imprisonment once it has been imposed' unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 *expressly* permits the court to do so." *Id.* (quoting § 3582(c)). Because Section 3582(c) "does [not] in any way suggest that a court may grant more than one modification," this Court held that the district court lacked authority to revise the defendant's sentence a second time. *Id.* at 236.

According to the government, *Goodwyn* establishes that because "Rule 36 is not enumerated in § 3582(c)," Rule 36 does not "provide a means to modify a sentence of imprisonment." Appellee's Br. at 11. We do not believe *Goodwyn* controls this case. To begin, *Goodwyn* dealt with a materially distinguishable legal issue—whether and in what circumstances a defendant can obtain a *second* sentence reduction on grounds not set
(Continued)

Although we disagree with the district court's conclusion that criminal defendants are categorically barred from relying on Rule 36 to obtain resentencing, we affirm the district court's decision to deny Defendant resentencing. In order to qualify as a career offender under the Sentencing Guidelines, a defendant must have two prior felony convictions for either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1. Defendant's PSR identified four prior convictions for controlled substance offenses, only one of which is tainted by the clerical error. Accordingly, Defendant's remaining three convictions were sufficient to support application of the career offender Guideline.[2]

Before this Court, Defendant argues that his two untainted 1991 convictions for "trafficking heroin by possession" and "trafficking heroin by transportation" also do not constitute "controlled substance offense[s]"—meaning that he has not committed the requisite two controlled substance offenses—because those two offenses did not require the "manufacture, import, export, distribution, or dispensing" of a controlled substance. U.S.S.G. § 4B1.2(b). But that is a substantive argument that Defendant could have raised—but did not raise—at his original sentencing. And a defendant may obtain relief

---

forth in any statute or rule. *Goodwyn* also does not mention Rule 36, let alone state whether or in what circumstances a defendant can rely on Rule 36 to obtain resentencing. And *Goodwyn* does not purport to provide an exhaustive list of circumstances in which a defendant can obtain resentencing.

[2] By comparison, the errant PSR for the defendant in *Powell* identified only two predicate offenses, meaning that the correction of the error, by itself, would have stripped the defendant of his career offender status.

under Rule 36 based on clerical errors, not substantive errors. *See Powell*, 266 Fed. App'x at 266. Accordingly, Defendant's challenge to the characterization of his two 1991 convictions not tainted by clerical errors is not cognizable under Rule 36.

## III.

In sum, the district court erred in holding that a defendant is categorically barred from relying on Rule 36 to correct a sentence tainted by a clerical error. Nonetheless, we affirm the district court's judgment because Defendant's three remaining convictions were sufficient to sustain his classification and sentencing as a career offender under U.S.S.G. § 4B1.1.

*AFFIRMED*

DIAZ, Circuit Judge, dissenting in part and concurring in the judgment:

Lamont Marloe Vanderhorst was sentenced to 327 months in prison based on his classification as a career offender under the sentencing guidelines. Almost a decade later, Vanderhorst learned that one of his prior offenses underlying that classification was erroneously labelled in his state court records and consequently was also erroneously labelled in his PSR. He then moved pursuant to Rule 36 to correct the record and modify his sentence.

I agree with the majority that the error in the PSR is a clerical error in the record for purposes of Rule 36. I likewise agree that this clerical error taints only one of the underlying offenses, leaving three remaining controlled substance offenses that are sufficient to support application of the career offender enhancement. Accordingly, I readily concur in the judgment affirming Vanderhorst's sentence.

But I part company with the majority's broader conclusion that Rule 36 may serve as an appropriate vehicle for defendants to obtain resentencing. This is a novel question of law that we need not decide today, as Rule 36 can't help Vanderhorst. But because the majority has chosen to answer this question, I am compelled to respond. Respectfully, I cannot agree that Rule 36 grants district courts the authority to modify a sentence.

In my view, our inquiry begins and ends with 18 U.S.C. § 3582. Under § 3582, a district court "may not modify a term of imprisonment once it has been imposed" unless the Bureau of Prisons moves for a reduction, the Sentencing Commission amends the applicable Guidelines range, or another statute or Rule 35 "expressly permit[s]" the court to do so. 18 U.S.C. § 3582(c); *accord United States v. Goodwyn*, 596 F.3d 233, 235 (4th

9

Cir. 2010). Thus, district courts, having no inherent authority to modify a sentence, may only do so in those three specific circumstances. *See Goodwyn*, 596 F.3d at 235; *see also United States v. Phillips*, 597 F.3d 1190, 1194–95 (11th Cir. 2010) ("The authority of a district court to modify an imprisonment sentence is narrowly limited by statute."); *United States v. Cunningham*, 554 F.3d 703, 708 (7th Cir. 2009) ("[T]here is no 'inherent authority' for a district court to modify a sentence as it pleases; indeed a district court's discretion to modify a sentence is an exception to [§ 3582's] general rule [barring modification].").

In this case, no one asserts that the Bureau of Prisons moved to reduce Vanderhorst's sentence, or that the Sentencing Commission amended the applicable guidelines. Nor does Vanderhorst claim that Rule 35 provides a basis for relief, or that another federal statute would authorize the district court to modify his sentence. Indeed, Vanderhorst explicitly refused to characterize his motion for relief in the district court as one filed pursuant to 28 U.S.C. § 2255.[1]

Vanderhorst sought instead to have the district court modify his sentence pursuant to Rule 36. But § 3582 doesn't mention Rule 36. For that reason alone, a district court

---

[1] Vanderhorst's counsel acknowledged that "a § 2255 motion would have provided a *separate and distinct* avenue to move for a correction of his sentence." J.A. 119. But counsel believed that such a motion would have been untimely. However, § 2255 provides that the 1-year statute of limitations begins to run by the latest of several conditions, including "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." § 2255(f)(4). Because counsel chose not to pursue a § 2255 motion, we don't know whether the difficulty in discovering this state court error could have rendered the motion timely.

can't rely on the rule to modify a sentence. *See United States v. Blackwell*, 81 F.3d 945, 948 n.3 (10th Cir. 1996) ("Rule 36 does not fall within § 3582's exclusive statutory ambit of authority to 'modify a term of imprisonment.'"); *United States v. Lopez*, 26 F.3d 512, 515 n.5 (5th Cir. 1994) ("Rule 36 does not encompass sentence modifications in the sense contemplated by § 3582(c).").

Our decision in *Goodwyn* supports this conclusion. There, the district court modified the defendant's sentence a second time without relying on any of the exceptions listed in § 3582. On appeal, noting that "the clear intent of § 3582 is to *constrain* postjudgment sentence modifications," we held that the statute's silence on whether a district court could modify a sentence more than once effectively precluded such action. 596 F.3d at 236. "To hold otherwise [we said] would subvert the statute's overriding purpose." *Id.*

The majority (without addressing the import of § 3582) mistakenly asserts in a footnote that *Goodwyn* doesn't control this case. But although *Goodwyn* arose in a different context, it absolutely controls our interpretation of § 3582—that is, a district court may not modify a sentence except when specifically authorized by § 3582. And because § 3582 doesn't mention Rule 36, a district court can't rely on that rule to modify a sentence.

The fact that § 3582 makes no mention of Rule 36 is even more telling given that § 3582 expressly cites another Federal Rule of Criminal Procedure. Specifically, the statute provides that the court may modify a sentence if "expressly permitted by statute or by Rule 35." § 3582(c)(1)(B). The text of § 3582 is "unambiguous" that "absent other

11

express statutory authority, modification of an imprisonment sentence can only be done pursuant to Rule 35." *Phillips*, 597 F.3d at 1195. Rule 35, in turn, allows a court to "correct a sentence that resulted from arithmetical, technical, or other clear error" within 14 days. Fed. R. Crim. P. 35(a). It follows that Rule 36, which isn't mentioned in § 3582, and which never itself mentions criminal sentences, can't be used to modify a sentence. In holding otherwise, the majority subverts the sentencing scheme created by Congress, rendering meaningless Rule 35 and the time limits within it. *See United States v. Arrington*, 763 F.3d 17, 24 (D.C. Cir. 2014) ("Rule 36 . . . may not be used to correct judicial errors in sentencing. A contrary interpretation of Rule 36 would permit ready evasion of the time limit prescribed by Federal Rule of Criminal Procedure 35(a) . . . ." (citations omitted)); Wright, 3 Fed. Prac. & Proc. Crim. § 641 (4th ed.) ("Reduction of a legal sentence must come under Rule 35 and within the time limits set in that Rule. A motion under Rule 36 may not be used to reduce a valid sentence.").[2]

To support its unnecessary (and incorrect) conclusion, the majority relies exclusively on our unpublished opinion in *United States v. Powell*, 266 F. App'x 263 (4th Cir. 2008). In *Powell*, the defendant brought a § 2255 motion after discovering a clerical error in his state court records that erroneously increased his sentence by 10 years. The district court denied the motion because it was untimely. But relying on Rule 36, we remanded the case to have the district court correct the error and resentence the

---

[2] So too does it render meaningless the 1-year statute of limitations in § 2255, which authorizes the sentencing court to "set aside or correct" a sentence in excess of the maximum authorized by law. 28 U.S.C. § 2255(a).

defendant. Notably, the availability of such a remedy wasn't briefed in *Powell*. In this case, with the benefit of full briefing—and in full consideration of § 3582, our published opinion in *Goodwyn*, and the weight of contrary authority—I fail to see how Rule 36 alone may be used to modify a sentence.

I therefore concur only in the court's judgment.