**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-7490**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE NACACIO AMU, a/k/a Amu,

Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:97-cr-00040-FDW-11)

Submitted: January 8, 2020                    Decided: February 11, 2020

Before KEENAN, HARRIS, and QUATTLEBAUM, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Stephen L. Braga, Margaret B. Beasley, BRACEWELL LLP, Washington, D.C., for Appellant. R. Andrew Murray, United States Attorney, Elizabeth M. Greenough, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Jose Nacacio Amu appeals the district court's orders denying his motions for correction of clerical error and for reconsideration pursuant to Federal Rule of Criminal Procedure 36. In the district court, Amu claimed that there were clerical errors in the court's orders issued in 2012 and 2015 denying him a sentence reduction under 18 U.S.C. § 3582(c)(2) (2012). The district court determined that the 2015 order corrected any error in the 2012 order, and that Amu sought to assert a substantive challenge to the information in the orders. In denying Amu's motion to reconsider, the court reiterated that "there [were] no clerical errors in [Amu's] judgment." We previously placed this appeal in abeyance for *United States v. Vanderhorst*, 927 F.3d 824 (4th Cir. 2019). After the decision issued, we appointed counsel for Amu and ordered formal briefing. Having considered the formal briefs, we now affirm.[1]

In *Vanderhorst*, the defendant sought resentencing under Rule 36 based on a clerical error in his presentence report in characterizing a prior conviction. We held that defendants are not "categorically barred from relying on Rule 36 to correct a sentence tainted by a clerical error." 927 F.3d at 828. We nonetheless affirmed the district court's denial of

---

[1] Although the Government raises the issue of timeliness of Amu's notice of appeal in its formal brief, the Government did not raise the issue in response to Amu's pro se informal brief that was timely filed on January 7, 2019. *See* 4th Cir. R. 27(f) (rule amended October 1, 2018 to require that motions to dismiss on procedural grounds should be filed within the time allowed for filing a response brief). We have jurisdiction over the appeal and decline to dismiss it as untimely. *See United States v. Marsh*, 944 F.3d 524, 529-30 (4th Cir. 2019).

relief, because only one of Vanderhorst's prior convictions was tainted by clerical error, and his three remaining convictions supported his career offender designation. *Id.*

In Amu's case, we agree with the district court that any clerical error in the 2012 order was harmless, because such error was corrected in the court's 2015 order. Moreover, neither the 2012 nor 2015 orders denying Amu's motions to reduce sentence modified Amu's 2009 amended judgment, which remains in effect today. For these reasons, we conclude that the district court did not err in denying Amu's Rule 36 motion and his motion for reconsideration.

We therefore affirm the district court's orders. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*