**UNPUBLISHED**

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

**No. 20-7346**

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

    v.

RICHARD DWIGHT BERNARD,

        Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  John A. Gibney, Jr., District Judge.  (3:03-cr-00420-JAG-3)

Submitted:  June 7, 2021                        Decided:  June 23, 2021

Before WILKINSON, MOTZ, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Richard Dwight Bernard, Appellant Pro Se.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Richard Dwight Bernard appeals the district court's order denying his motion to reconsider. The district court granted Bernard's motion to correct a clerical error in his criminal judgment pursuant to Fed. R. Crim. P. 36. Bernard claimed that his March 11, 2005, criminal judgment erroneously reflected that he pled guilty to Counts One and Two of the Second Supereseding Indictment, whereas he pled guilty to Counts One and Two of the Supereseding Indictment. The Government agreed, and the district court granted Bernard's motion and issued an amended judgment with the requested correction. Bernard then moved the court to reconsider and order resentencing.

On appeal, Bernard relies on *United States v. Vanderhorst*, 927 F.3d 824 (4th Cir. 2019). In *Vanderhorst*, the defendant sought resentencing under Rule 36 based on a clerical error in his presentence report in characterizing a prior conviction. We held that defendants are not "categorically barred from relying on Rule 36 to correct a sentence tainted by a clerical error." 927 F.3d at 828. We nonetheless affirmed the district court's denial of relief because only one of Vanderhorst's prior convictions was tainted by clerical error and his three remaining convictions supported his career offender designation. *Id.* In his case, Bernard contends, the district court erroneously found that Rule 36 did not provide any other form of relief and should have liberally construed his motion to allege that his sentencing was tainted by the clerical error. He claims that he was erroneously sentenced based on the Second Supereseding Indictment, tainting his sentence and necessitating full resentencing.

2

First, as the district noted, Bernard's Rule 36 motion did not request resentencing or anything beyond mere correction of the clerical error in his judgment. While, in light of *Vanderhorst*, other relief was available to Bernard beyond the correction of the clerical error in his judgment, any error by the district court in finding otherwise was harmless.[*] A clerical error was made and has been rectified, and the record indicates that Bernard was sentenced for the correct counts under the correct indictment.

Accordingly, we affirm the district court's order. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

---

[*] We further note that the district court committed harmless error in analyzing Bernard's motion to reconsider under Fed. R. Civ. P. 59(e), as the Federal Rules of Civil Procedure are inapplicable in a criminal case. *See United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (per curiam) (stating that "Rule 60(b) simply does not provide for relief from judgment in a criminal case").