**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 21-7689**

_____

UNITED STATES OF AMERICA,

        Plaintiff - Appellee,

   v.

RODNEY EARL CANNADY, a/k/a Camp Earl,

        Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  James C. Dever III, District Judge.  (5:08-cr-00258-D-1)

_____

Submitted:  February 17, 2022                Decided:  February 23, 2022

_____

Before AGEE and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

_____

Affirmed in part and dismissed in part by unpublished per curiam opinion.

_____

Rodney Earl Cannady, Appellant Pro Se.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Rodney Earl Cannady appeals the district court's order denying his motion seeking resentencing. Insofar as Cannady's motion sought relief pursuant to Fed. R. Crim. P. 36, we review the district court's denial of Rule 36 relief de novo. *United States v. Vanderhorst*, 927 F.3d 824, 826 (4th Cir. 2019). We have reviewed the record and find no reversible error in the district court's denial of such relief. *See United States v. Jenkins*, 22 F.4th 162, 167 (4th Cir. 2021) ("[Rule] 36 is limited to the correction of purely clerical errors and does not extend to judicial or substantive errors."); *Vanderhorst*, 927 F.3d at 828 (affirming denial of request for resentencing under Rule 36 based on claim of substantive, not clerical, error in presentence report). Accordingly, we affirm this portion of the district court's order.

Insofar as Cannady's motion sought resentencing based on a freestanding claim alleging "actual innocence" of his career offender enhancement, this portion of Cannady's motion was in substance a successive 28 U.S.C. § 2255 motion. *See Gonzalez v. Crosby*, 545 U.S. 524, 531-32 (2005); *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003). The district court's denial of such a motion is not appealable unless a circuit justice or judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B). *See generally United States v. McRae*, 793 F.3d 392, 400 & n.7 (4th Cir. 2015). A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists could find the district court's assessment of the constitutional claims debatable or wrong. *See Buck v.*

2

*Davis*, 137 S. Ct. 759, 773-74 (2017).  When the district court denies relief on procedural grounds, the prisoner must demonstrate both that the dispositive procedural ruling is debatable and that the motion states a debatable claim of the denial of a constitutional right. *Gonzalez v. Thaler*, 565 U.S. 134, 140-41 (2012) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

We have independently reviewed the record and conclude that Cannady has not made the requisite showing.  Absent prefiling authorization from this court, the district court lacked jurisdiction to deny § 2255 relief on the merits.  *See* 28 U.S.C. § 2244(b)(3); *Winestock*, 340 F.3d at 205.  Accordingly, we deny a certificate of appealability and dismiss this portion of the appeal.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3