**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

ALLEN J. WILLIAMS,

    Defendant - Appellant.

No. 21-3157
(D.C. No. 2:14-CR-20030-KHV-3)
(D. Kan.)

_____

**ORDER AND JUDGMENT***
_____

Before **BACHARACH**, **BALDOCK**, and **EID**, Circuit Judges.
_____

This appeal involves interpretation of a district court's explanation of the length of supervised release. The written judgment itself is clear. But the defendant argues that this written judgment conflicts with the district court's oral pronouncement at sentencing.

---

\*    Oral argument would not help us decide the appeal, so we have decided the appeal based on the record and the parties' briefs. *See* Fed. R. App. P. 34(a)(2)(C); 10th Cir. R. 34.1(G).

Our order and judgment does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. But the order and judgment may be cited for its persuasive value if otherwise appropriate. *See* Fed. R. App. P. 32.1(a); 10th Cir. R. 32.1(A).

If the defendant is right, the oral pronouncement would control. So the defendant moved for the district court to make a clerical correction to the written judgment. The district court denied the motion for clerical correction, viewing the oral pronouncement as ambiguous (rather than inconsistent with the written judgment). We agree with the district court.

1.    **The court was orally clear on its intent, but was unclear on how to carry out that intent.**

The confusion stemmed from dual proceedings against the defendant in the Western District of Missouri and the District of Kansas. The Western District of Missouri imposed a prison sentence and supervised release for three years.

The defendant was then sentenced in the District of Kansas. That sentence included prison terms and supervised release for two counts. The court explained that it intended for the defendant to serve a total of six years on supervised release, including the three years imposed in the Western District of Missouri.

At the sentencing, the court in the District of Kansas discussed two ways of getting to a total of six years. The court first proposed a term that'd run consecutively to the term imposed in the Western District of Missouri. But the court then changed the breakdown, stating that the new term of supervised release would run concurrently with the Western District of Missouri's three-year term. Both ways, the defendant would

serve a total of six years on supervised release, including the terms imposed in the two courts. At the end of the proceeding, however, the court suggested that it could adhere to the initial proposal. That suggestion sparked confusion.

The court's initial proposal was to make the supervised release terms in Kansas consecutive to the term imposed in the Western District of Missouri. Because the Western District of Missouri had imposed a three-year term of supervised release, the District of Kansas would impose a total of three years' supervised release. So the district court initially proposed three years' supervised release on each of the two counts (to run concurrently with each other and consecutively to the three-year term imposed in the Western District of Missouri). This way, the defendant would serve three years of supervised release in the Western District of Missouri and three years of supervised release in the District of Kansas.

In imposing the sentence, however, the district court decided to change the breakdown for the six years of supervised release. This time, the court said that it would run the supervised release term concurrently, rather than consecutively, with the supervised release term imposed in the Western District of Missouri. Because the defendant was already serving three years' supervised release in the Western District of Missouri, the court would need to impose a total of three more years. The court would get to the three-year total by imposing two terms of supervised release,

3

with both running concurrently with the Western District of Missouri's three-year term. For the first count, the term would be five years; for the second count, the term would be one year. So after completing the Western District of Missouri's three-year term, the defendant would again serve three more years in the District of Kansas.

At the end of the sentencing, however, the court broached the possibility of returning to the initial proposal of a three-year term that runs consecutively to the Western District of Missouri's three-year term: "[O]r we could say three years on each count, but neither one of them starts to run until he's off oof supervision in the Western District of Missouri."[1] The court reiterated, though, that its intent was for the defendant to serve a total of six years, including the Western District of Missouri's three-year term.[2]

## 2. The written judgment implemented the second way of getting to a six-year total.

Despite broaching the possibility of returning to the initial proposal, the district court issued a written judgment implementing the second way to obtain a six-year total of supervised release:

> Upon release from imprisonment, the defendant shall be on supervised release for a term of five years on Count 1, and one year on Count 2, to be served consecutively to Count 1. This term

---

[1]    R. vol. 4, at 22.

[2]    *Id.*

4

of supervised release shall run concurrently with the supervised release term previously imposed in the Western District of Missouri.[3]

So for the first count, the defendant received a five-year term of supervised release. For the second count, the defendant received another one-year term of supervised release, to run consecutively to the five-year term on the first count. The total (six years) in the District of Kansas would run concurrently with the three-year term in the Western District of Missouri. The result was a total of six years of supervised release in the two districts.

### 3. The defendant invoked the power to make clerical corrections to the judgment.

The defendant sought clerical correction under Fed. R. Crim. P. 36, which allows the court to correct clerical errors in the judgment.[4] Invoking this rule, the defendant argued that the written judgment had improperly changed the terms of the sentence. The district court denied the motion, reasoning that

- the oral explanation had been ambiguous and

- the written judgment accurately reflected the sentence imposed.

---

[3]    *Id*. vol. 1, at 66.

[4]    *United States v. Blackwell*, 81 F.3d 945, 948–49 (10th Cir. 1996).

5

**4.      We need not decide the standard of review.**

The threshold issue is the standard of review. We've not issued a published opinion stating the standard for review of motions for clerical correction. Other circuits differ on whether to apply the de novo standard, the abuse-of-discretion standard, or the clear-error standard.[5] We need not decide the applicable standard of review because we'd affirm under any of these standards.

**5.      An ambiguity existed in the oral pronouncement.**

When orally explaining the sentence, the court made it clear that it was intending to require six years of supervised release between the two

---

[5]      *Compare United States v. Vanderhorst*, 927 F.3d 824, 826 (4th Cir. 2019) (legal issue reviewed de novo), *United States v. Mackay*, 757 F.3d 195, 197 (5th Cir. 2014) (de novo review), *United States v. Robinson*, 368 F.3d 653, 655–56 (6th Cir. 2004) (reviewing de novo the district court's legal conclusion that a clerical error existed), *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (conducting de novo review of the district court's application of Rule 36 to correct clerical errors in its judgment), *and United States v. Burd*, 86 F.3d 285, 287 (2d Cir. 1996) (reviewing de novo the district court's application of Rule 36 to undisputed facts), *with United States v. Bergmann*, 836 F.2d 1220, 1221 (9th Cir. 1988) (applying the clear-error standard to determine whether the clerk had erred in describing the sentence and applying de novo review over legal questions), *with United States v. Niemiec*, 689 F.2d 688, 692 (7th Cir. 1982) (applying the abuse-of-discretion standard when reviewing the denial of a motion for clerical correction), *and United States v. Martinez*, 613 F.2d 473, 482 (3d Cir. 1980) (stating that the district court had discretion under Rule 36 to correct the clerk's clerical error in cancelling a bond).

6

districts.[6] To reach the six-year total, however, the court voiced two different sets of terms. The first set involved a term of supervised release that would run *consecutively* to the term already imposed in the Western District of Missouri; the second set involved a term of supervised release that would run *concurrently* with the Western District of Missouri's term. Though the two sets created the same duration of supervised release (six years), the breakdown differed in the district court's two articulations at the sentencing.

Though the defendant denies ambiguity, he relies solely on the court's initial proposal. This proposal was clear, but the court later changed the breakdown of the supervised release terms in imposing his sentence:

> The Court: Earlier I said three years, but I think the way we'll do it is to say six years. The first five years of that will run concurrently with the supervised release that the western District of Missouri has imposed and the -- and there will be one additional year that will be served concurrently to that process. So the overall term of supervised release – wait.
>
> [Defense counsel]: Consecutively you meant on that last year.
>
> The Court: Yes or we could say three years on each count, but neither one of them starts to run until he's off of supervision in the Western District of Missouri. But the intent is that he would be on supervised release for six years between us and them.[7]

---

6    R. vol. 4, at 22 ("But the intent is that he would be on supervised release for six years between us and them.").

7    *Id.*

From this exchange, the district court unambiguously intended to require six years of supervised release between the terms in the Western District of Missouri and the District of Kansas.

After making this unambiguous change, however, the court broached the possibility of returning to the initial proposal, stating that "we could say" that there would be two terms of three years.[8] This remark created ambiguity on whether the terms would be 3 years/3 years or 5 years/1 year. Given that ambiguity, the court could use the written judgment to clarify the intended sentence.[9]

**6.     The defendant hasn't preserved a challenge to the validity of the supervised release terms.**

The defendant argues that the sentencing guidelines prevented the District of Kansas from imposing consecutive five-year and one-year terms of supervised release on the two Kansas counts. The government agrees that the court erred in making the supervised release terms consecutive for the two counts. But the error does not entitle the defendant to relief for two reasons: (1) He forfeited the argument by omitting it in the motion

---

[8]      *Id.*

[9]      *United States v. Villano*, 816 F.2d 1448, 1450–51 (10th Cir. 1987).

filed in district court,[10] and (2) he does not argue that the illegality would have removed the ambiguity.[11]

* * *

The district court's oral pronouncement contained an ambiguity by discussing two different ways of sentencing the defendant to supervised release. Given this ambiguity, the court used the written judgment to clarify the terms. This use of the written judgment was appropriate, so we affirm.

Entered for the Court

Robert E. Bacharach
Circuit Judge

---

[10]     The defendant does not argue that the district court committed plain error in denying his motion for clerical correction. So we do not consider the possibility of a plain error. *See United States v. Garcia*, 936 F.3d 1128, 1131 (10th Cir. 2018) (stating that arguments not raised before the district court are forfeited and that the failure to urge plain error would waive the issue).

[11]     The government argues that the defendant cannot obtain relief under other provisions, including 28 U.S.C. § 2255, 18 U.S.C. § 3582(c)(1)(B), or Fed. R. Crim. P. 35. We need not decide whether the defendant has other available remedies because he hasn't asserted them here. We are reviewing a motion for clerical correction of the judgment, not a motion under § 2255, § 3582(c)(1)(B), or Rule 35.