**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 23-1460 and 23-2753
_____

UNITED STATES OF AMERICA

v.

WILLIAM BASKERVILLE,

Appellant

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 3:03-cr-00836-001)
District Judge: Honorable Peter G. Sheridan

_____

Submitted Under Third Circuit L.A.R. 34.1(a)
September 29, 2025


Before: RESTREPO, FREEMAN, and McKEE, *Circuit Judges*

(Opinion filed: January 8, 2026)

_____

OPINION[*]

_____



**McKEE**, *Circuit Judge*.



_____

[*]This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

William Baskerville appeals the District Court's denial of his motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) and for a sentence reduction under the First Step Act. Additionally, he appeals the District Court's partial denial of his motion to amend the judgment of conviction and the Presentence Investigation Report to correct clerical errors. For the reasons set forth below, we will affirm the District Court's denial of Baskerville's motion for compassionate release and for a sentence reduction, and we will vacate in part the District Court's order on his motion to amend.[1]

## I.

In 2007, a jury found Baskerville guilty of conspiring to murder a witness, conspiring to retaliate against an informant, and eight drug trafficking offenses. The District Court sentenced Baskerville to nine concurrent terms of life imprisonment.

In 2020, Baskerville filed a motion for compassionate release based on health risks posed by the COVID-19 pandemic, which the District Court denied. Thereafter, he filed a renewed compassionate release motion, and also requested a sentencing reduction under Section 404 of the First Step Act of 2018. The District Court denied Baskerville's request for compassionate release because "Baskerville present[ed] no extraordinary or compelling circumstances and . . . the 3553(a) factors weigh[ed] against release."[2] The District Court declined to reduce Baskerville's drug sentences under Section 404 of the

---

[1] We have jurisdiction under 28 U.S.C. § 1291.
[2] App. 286.

First Step Act based on the concurrent sentence doctrine. Baskerville filed a motion for reconsideration that the District Court denied.

Additionally, Baskerville filed a motion under Federal Rule of Criminal Procedure 36 to correct errors in the judgment of conviction and the PSR. The District Court granted in part and denied in part Baskerville's Rule 36 motion. The District Court found that both the judgment of conviction and the PSR improperly listed Count One as a violation of "18 U.S.C. §§ 1512(a)(1)(A) & (a)(3)(A)" when it should have listed it as a violation of 18 U.S.C. § 1512(k), and improperly listed Count Two as a violation of "18 U.S.C. §§ 1513(a)(1)(B) & (a)(2)(A)" when it should have listed it as a violation of 18 U.S.C. § 1513(e). The District Court found that it had authority under Rule 36 to correct these errors in the judgment of conviction but not in the PSR. Additionally, even if it had authority to correct errors in the PSR, the District Court concluded that the motion was untimely pursuant to Federal Rule of Criminal Procedure 32(f). Accordingly, it granted the motion as to the judgment of conviction and denied it as to the PSR.

In granting the motion, the Court found that Count Two should have been listed as a violation of 18 U.S.C. § 1513(e) but noted that at the time Baskerville was convicted, the statute erroneously had two § 1513(e) subsections. This error was later corrected by Congress and the second subsection (e) was changed to subsection (f). To reflect Congress' correction of this error, the Court amended Count Two to state a violation of 18 U.S.C. § 1513(f).

Baskerville appealed the District Court's rulings.

3

**II.**

We review the District Court's denial of Baskerville's motion for compassionate release and a sentence reduction under Section 404 for abuse of discretion.[3] "Under the abuse-of-discretion standard, we will not disturb the court's determination unless we are left with a definite and firm conviction that it committed a clear error of judgment in the conclusion it reached."[4] A compassionate release motion may be granted if a court determines that "the sentence reduction is (1) warranted by 'extraordinary and compelling reasons'; (2) 'consistent with applicable policy statements issued by the Sentencing Commission'; and (3) supported by the traditional sentencing factors under 18 U.S.C. § 3553(a), to the extent they are applicable."[5] Baskerville contends that the District Court abused its discretion by failing to fully consider the § 3553(a) factors.[6] However, the District Court concluded that "deterrence to prevent future crimes outweighed any rationale to warrant a reduction in Baskerville's sentence,"[7] a conclusion that it reiterated in its denial of Baskerville's motion for reconsideration. We agree with the government that the District Court did not clearly err in its consideration of the §

---

[3] *United States v. Andrews*, 12 F.4th 255, 259 (3d Cir. 2021) (stating standard for a denial of a motion for compassionate release); *United States v. Jackson*, 964 F.3d 197, 201 (3d Cir. 2020) (stating standard for a denial of a motion for a reduced sentence under § 404).
[4] *Andrews*, 12 F.4th at 259 (citation modified).
[5] *Id.* at 258 (quoting 18 U.S.C. § 3582(c)(1)(A)).
[6] Baskerville also contends that the District Court abused its discretion by rejecting his argument that his increased risk of complications from COVID-19 due to his health conditions was an extraordinary and compelling circumstance. We need not address this argument because we conclude that the District Court did not clearly err by deciding that release was not warranted based on the § 3553(a) factors.
[7] App. 286 (citation modified).

4

3553(a) factors when it "place[d] primary emphasis on . . . the need for deterrence where the defendant had served less than 20 years of a Congressionally mandated life sentence for participating in a conspiracy that led to the brutal murder of an FBI informant."[8]

Baskerville also contends that it was an abuse of discretion for the District Court to apply the concurrent sentence doctrine and decline to rule on the merits of his motion for a sentence reduction on his drug trafficking counts of conviction. The concurrent sentence doctrine enables a court to exercise its "discretion to avoid resolution of legal issues affecting less than all of the counts in an indictment where at least one count will survive and the sentences on all counts are concurrent."[9] "The concept underlying this doctrine is simple: there is no use expending the limited resources of the litigants and the judiciary reviewing a conviction where, regardless of the outcome, the defendant will

---

[8] Answering Br. 44–45. We note that Baskerville has served less than 20 years of a life sentence not to minimize the fact that he has already served a very lengthy sentence, but rather to elaborate on why the District Court did not abuse its discretion in denying Baskerville's motion. In reaching this conclusion, we reject Baskerville's contention that the District Court's § 3553(a) analysis was deficient because it failed to take into consideration unwarranted disparity and errors the District Court committed in applying 18 U.S.C. § 1111 in the jury instructions and USSG § 2A1.5 in the base-offense level calculation. The District Court considered the unwarranted disparity argument and rejected it based on "the deeply disturbing facts of Baskerville's case." App. 286. And Baskerville fails to provide any argument or legal support for his contention that the District Court erred in either the jury instructions or its Guidelines calculation. It is impossible to conclude that the District Court abused its discretion by failing to consider errors it may or may not have made that may or may not have even impacted Baskerville's sentence. *See* Answering Br. 47 (noting that "the same District Judge already rejected th[e] [§ 1111] claim when Baskerville pressed it on collateral attack" and "Baskerville's penalty range was [statutorily] prescribed by Congress . . . so any error[s] . . . would have been immaterial to the sentence imposed").
[9] *United States v. McKie*, 112 F.3d 626, 628 n.4 (3d Cir. 1997).

5

remain subject to the same sentence."[10] Baskerville contends that the District Court

should not have applied the concurrent sentence doctrine because his motion "does not

involve complicated legal issues that would require the expenditure of significant judicial

resources."[11] However, Baskerville does not dispute that application of the doctrine will

conserve limited resources, and he only challenges seven of his nine concurrent terms of

life imprisonment. The District Court did not clearly err in applying the concurrent

sentence doctrine because Baskerville will be subject to the same sentence regardless of

any sentence reduction.

Lastly, Baskerville appeals the District Court's partial denial of his Rule 36

motion.[12] Federal Rule of Criminal Procedure 36 provides: "After giving any notice it

considers appropriate, the court may at any time correct a clerical error in a judgment,

order, or other part of the record, or correct an error in the record arising from oversight

or omission."[13] Rule 36 may only be used to correct clerical errors and may not be used

---

[10] *Duka v. United States*, 27 F.4th 189, 194 (3d Cir. 2022).
[11] Opening Br. 27.
[12] We have not decided the applicable standards of review for a Rule 36 motion. There is general agreement that we apply a de novo standard of review to questions of law such as whether the court has the authority under Rule 36 to correct a clerical error. *See United States v. Bennett*, 423 F.3d 271, 274 (3d Cir. 2005) (applying the de novo standard to Rule 36 question of law); *United States v. Vanderhorst*, 927 F.3d 824, 826 (4th Cir. 2019) (same); *United States v. Mackay*, 757 F.3d 195, 197 (5th Cir. 2014) (same); *United States v. Robinson*, 368 F.3d 653, 655–56 (6th Cir. 2004) (same), *United States v. Portillo*, 363 F.3d 1161, 1164 (11th Cir. 2004) (same);*United States v. Burd*, 86 F.3d 285, 287 (2d Cir. 1996) (same). There is more disagreement as to the standard of review when questions of fact exist. *See States v. Bergmann*, 836 F.2d 1220, 1221 (9th Cir. 1988) (applying the clear error standard); *United States v. Niemiec*, 689 F.2d 688, 692 (7th Cir. 1982) (applying the abuse of discretion standard). We need not resolve this question here because the outcome is the same regardless of any standard we apply.
[13] Fed. R. Crim. P. 36.

to correct substantive errors.[14] "A clerical error involves a failure to accurately record a statement or action by the court or one of the parties."[15] It is a mistake "merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature."[16]

Baskerville contends that the District Court erred by correcting the judgment in Count Two from "18 U.S.C. §§ 1513(a)(1)(B) & (a)(2)(A)" to "18 U.S.C. § 1513(f)" when it should have been corrected to 18 U.S.C. § 1513(e).[17] Because § 1513(f) did not exist at the time Baskerville was sentenced, the District Court's alteration did not correct an error "merely of recitation."[18] Although the judgment contained a clerical error in Count Two, the only change Rule 36 empowered the District Court to make was to correct the record to accurately reflect that Baskerville was convicted of violating § 1513(e). We will vacate the portion of the District Court's order amending the judgment in Count Two from "18 U.S.C. §§ 1513(a)(1)(B) & (a)(2)(A)" to "18 U.S.C. § 1513(f)" and remand with instructions to amend to "18 U.S.C. § 1513(e)."[19]

---

[14] *Bennett*, 423 F.3d at 277–78.

[15] *Id.* (quoting 26 MOORE'S FEDERAL PRACTICE ¶ 636.02[2] (3d ed. 2005)).

[16] *United States v. Guevremont*, 829 F.2d 423, 426 (3d Cir. 1987) (quoting *Dura-Wood Treating Co. v. Century Forest Indus.*, 694 F.2d 112, 114 (5th Cir. 1982)).

[17] Baskerville's additional argument that the clause "which results in death" should be stricken from the "Nature of Offense" column in Counts One and Two to "more accurately reflect the statutes of conviction" is meritless because the purpose of Rule 36 is to address clerical errors, not to make judgments "more accurate[]." Opening Br. 26.

[18] *Guevremont*, 829 F.2d at 426 (quoting *Dura-Wood*, 694 F.2d at 114).

[19] Upon remand, the District Court may consider adding a footnote, such as the one suggested by Baskerville, to clarify which § 1513(e) Baskerville was convicted of at the time. *See* Opening Br. 25 ("In 2007, 18 U.S.C. § 1513 contained two subsections lettered subsection (e). The defendant was convicted of the conspiracy prohibition set forth in the then-second subsection (e). That second subsection was later redesignated as subsection

Baskerville also argues the District Court erred in concluding it lacked the authority to correct clerical errors in the PSR. The District Court concluded that it did not have the authority to correct these errors and, even if it did, the motion was untimely. The government does not argue that Rule 36 is inapplicable to clerical errors in the PSR or that Baskerville's motion was untimely. Rather, the government contends that any mistake regarding the statutory subsections in the PSR is an "imprecision [that] does not amount to a 'clerical error' that *requires* correction."[20] However, it never raised this or any other argument to the District Court regarding Baskerville's request to correct the PSR.[21] We decline to consider this novel argument raised for the first time on appeal.[22] Because we have previously recognized that Rule 36 applies to the correction of clerical errors in PSRs and that such errors may be resolved by motion at any time,[23] we will

---

(f). *See* Court Security Improvement Act of 2007, Pub. L. 110-177, § 206(4), 121 Stat. 2534 (Jan 7, 2008).").

[20] Answering Br. 22.

[21] Answering Br. 19 (conceding that it "did not address [in the District Court] whether the PSR could or should be corrected"). Moreover, the government "initially agreed the PSR could be corrected to the same extent as the judgment if this Court concluded that [Baskerville's] motion was not untimely." Answering Br. 24. It was not until after Baskerville filed an amended counseled brief that the government first raised the argument that "the PSR *here* doesn't contain a 'clerical error' requiring correction." Answering Br. 21.

[22] *Komis v. Sec'y of United States Dep't of Lab.*, 918 F.3d 289, 297 (3d Cir. 2019) ("[O]ur general practice is not to consider arguments the parties failed to raise before the trial court."). Even if we consider this argument, the mistaken recitation of Baskerville's statutory subsections of conviction in the PSR appear to qualify as clerical errors under Rule 36.

[23] *United States v. Gjeli*, 867 F.3d 418, 426 n.12 (3d Cir. 2017), *as amended* (Aug. 23, 2017); *see also Bennett*, 423 F.3d at 278 (recognizing that "corrections allowed by Rule 36 . . . ha[ve] no time limit"). Additionally, other courts of appeals that have addressed the issue have held that Rule 36 applies to the correction of clerical errors in PSRs

vacate the District Court's denial of Baskerville's motion to correct clerical errors in the PSR and remand with instructions to address whether to amend the PSR.

## III.

For the above reasons, we will affirm the District Court's denial of Baskerville's motion for compassionate release and for a sentence reduction. We will vacate in part the District Court's order on Baskerville's Rule 36 motion and remand with instructions for the District Court to correct the clerical error in Count Two to reflect that Baskerville was convicted of violating 18 U.S.C. § 1513(e) and to address whether to correct any clerical errors in the PSR.

---

because they are "part of the record." *Mackay*, 757 F.3d at 200; *Vanderhorst*, 927 F.3d at 826.